PER CURIAM.
Eugene Lang died intestate and Ella Lang filed election to take dower in his estate. Objections to the granting of such election were raised by the administrator of the estate, along with a brother and sister of the deceased; these objections were resisted by Ella Lang through motion to strike and dismiss.
Basically, the issue before the county judge was whether or not Ella Lang was the widow of Eugene Lang. He found that she lacked the capacity to have entered into marriage with decedent, since at the time of her purported marriage to him, she had a husband by a common law marriage, one Lee Jones, who testified at the hearing; that both he and Ella Lang testified that they had never been divorced; and that Ella Lang had failed to overcome the presumption that Lee Jones’ prior marriage had been dissolved by death or divorce. See generally LeBlanc v. Yawn, 1930, 99 Fla. 328, 128 So. 789. The county judge therefore found that Ella Lang, never having been lawfully married to decedent, could not be his widow or surviving spouse and could not elect to take dower under section 731.34 et seq., F.S. A.
The witnesses were personally before the county judge; he heard and evaluated their testimony, denied Ella Lang’s motion to strike and dismiss the objections to election of dower, and denied her petition for such *586 election. The evidence amply supports.his decision.
Affirmed.
KANNER, Acting C. J., SHANNON, J., and BARKDULL, THOMAS H., Jr., Associate Judge, concur.